## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**RYAN PERRY MOODY**                                                                 **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:20-CV-50-DAS**

**ANDREW SAUL,**
**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

### FINAL JUDGMENT

Plaintiff Ryan Perry Moody filed suit under 42 U.S.C. § 405(g) for judicial review of the unfavorable decision of the Commissioner of Social Security regarding an application for a Period of Disability and Disability Insurance Benefits. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provision of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 12. The Court, having considered the record, the administrative transcript, the briefs of the parties, and the applicable law, finds that the Commissioner's decision is not supported by substantial evidence and should be reversed.

The ALJ erred in failing to conduct an analysis under *Newton v. Apfel* before giving little weight to Dr. Stanley's medical opinions. *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000). Under *Newton*, when declining to give a treating physician's opinion controlling weight, the ALJ is required to perform a detailed analysis of the treating physician's opinion when there is no reliable medical evidence from another examining physician that controverts the treating physician's opinion. *Newton*, 209 F.3d at 445-7-47; *Rollins v. Astrue*, 464 F. App'x 353, 358 (5th Cir. 2012). Here, the ALJ failed to evaluate the criteria set forth in 20 C.F.R. § 404.1527(c)(2) in deciding not to give Dr. Stanley's opinions controlling weight, committing reversible error.

Similarly, the ALJ gave little weight and no weight respectively to the opinions of Glora Holland, licensed marriage and family therapist and licensed social worker, and Natalie Mitchell,

licensed clinical social worker. While these providers are not considered acceptable "medical sources" under the regulations, the ALJ still is required to evaluate their opinions under the criteria set forth in 20 C.F.R. § 404.1527(c) and may not simply reject such opinions out of hand. On remand, the ALJ must analyze these opinions and provide a reasoned explanation for the weight given.

For these reasons, and for those announced on the record at the conclusion of the hearing in this case, the Commissioner's decision is reversed and remanded for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

**SO ORDERED**, this the 22nd day of December, 2020.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**